Filed 4/22/15  P. v. Wood CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B259414 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA419127) |
| v. | |
| DINO WOOD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Frederick N. Wapner and Ronald H. Rose, Judges.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Dino Wood was charged in an information with possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1))[1] and unlawful possession of ammunition (§ 30305, subd. (a)(1)) with special allegations he had suffered one prior serious or violent felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and had served five separate prison terms for felonies (§ 667.5, subd. (b)). Represented by appointed counsel, Wood pleaded not guilty and denied the special allegations.

The trial court granted Wood's motion for discovery of police personnel records (Evid. Code, §§ 1043, 1045; *Pitchess v. Superior Court* (1974) 11 Cal.3d 531), reviewed the records in an in camera hearing and found no discoverable information. The court denied Wood's motion to dismiss the prior strike conviction (§ 1385; *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497).

Wood also filed a motion to suppress evidence (§ 1538.5) challenging his detention, arrest and subsequent search of his person as unconstitutional. At the hearing on the motion, Dorothy Penn testified she telephoned the police emergency operator at 3:00 a.m. on December 5, 2013 because someone was attempting to open the front door of her home. Officers arrived and detained Wood.

One of the responding officers, Los Angeles Police Officer Gerard Raygosa testified he saw Wood crouching by the inner front door of Penn's house. When Raygosa called out to him, Wood stood up and approached, appearing unsteady on his feet. Because Wood appeared too intoxicated to care for himself, Raygosa detained him for being drunk in public in violation of section 647, subdivision (f). During a search incident to arrest, Raygosa's partner discovered a loaded handgun in Wood's possession.

At the conclusion of the hearing, the trial court found the detention, arrest and search incident to arrest were lawful and denied the suppression motion.

---

[1]     Statutory references are to the Penal Code, unless otherwise stated.

The trial court granted the People's motion and dismissed the charge of unlawful possession of ammunition and one of the prior prison term enhancement allegations.

On the day set for jury trial, the trial court denied Wood's motion to replace his appointed counsel (*People v. Marsden* (1970) 2 Cal.3d 118) and granted his motion to represent himself. (*Faretta v. California* (1975) 422 U.S. 806 [95 S.Ct. 2525, 45 L.Ed.2d 562].) However, when Wood repeatedly refused to state whether he was prepared to proceed to trial and indicated appointed counsel could "go ahead and do my case," the court found Wood had withdrawn his request to represent himself.

After the prospective jurors were sworn in, Wood agreed to enter a plea of no contest to the trial court to possession of a firearm by a felon, to admit he had suffered one prior strike conviction and to waive his right to presentence conduct credits. At the time he entered his plea, Wood was advised of his constitutional rights and the nature and consequences of the plea, which he stated he understood. Appointed counsel joined in the waivers of Wood's constitutional rights. The court expressly found Wood's waivers, plea and admission were voluntary, knowing and intelligent.

The trial court sentenced Wood to an aggregate state prison term of four years (the lower term of two years doubled under the three strikes law) for possession of a firearm by a felon and accepted Wood's waiver of presentence conduct credits. The court awarded Wood presentence custody credit of 295 actual days and ordered him to pay statutory fines, fees and assessments. The remaining prior prison term enhancement allegations were dismissed in furtherance of justice (§ 1385).

Wood filed a timely notice of appeal in which he checked the preprinted box indicating his appeal was "based on the denial of a motion to suppress evidence."

We appointed counsel to represent Wood on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. On January 14, 2015, we advised Wood he had 30 days within which to personally submit any contentions or issues he wished us to consider. On February 18, 2015, we received a 15-page hand-printed supplemental brief in which Wood cited portions of the reporters transcript of the suppression hearing, the Preliminary Hearing, and the police reports

3

attached to the *Pitchess* motion. Wood claimed there was no probable cause to detain him at the scene as he did not meet the description of the prowler given in the radio call, and it was not proven that he was drunk in public. Wood pointed to inconsistencies in the witnesses' testimony and the omission of certain facts in the police report to argue that Officer Raygosa testified falsely at the hearing. Wood argued the motion to suppress should have been granted.

In reviewing the ruling on a motion to suppress, we defer to the trial court's factual findings, express or implied, when supported by substantial evidence. (*People v. Ayala* (2000) 23 Cal.4th 225, 255; *People v. James* (1977) 19 Cal.3d 99, 107.) The power to judge credibility, weigh evidence and draw factual inferences is vested in the trial court. (*James*, *supra*, at p. 107.) Here, the trial court's findings that there was reasonable cause to detain Wood and conduct a search incident to arrest are supported by substantial evidence.

We have examined the entire record and are satisfied Wood's appellate attorney has fully complied with the responsibilities of counsel and no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.

STROBEL, J.[*]

We concur:

PERLUSS, P. J.

ZELON, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.